IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHDI SAIL,                )<br>            )<br>    Plaintiff,        )<br>            )<br>    v.            )<br>            )<br>DAVID THOMAS, et al.,     )<br>            )<br>    Defendant(s).        )<br>_____ ) | No. C 09-1356 CRB (PR)<br><br>ORDER OF DISMISSAL |

  Mehdi Sail, a prisoner detained at Napa State Hospital ("NSH") after having been found to have raped his neighbor while criminally insane, has filed a First Amended Complaint ("FAC") under 42 U.S.C. § 1983 alleging that several staff psychiatrists and psychologists discriminated against him on account of his race and religion, and violated his "human rights." FAC at 3. Sail makes clear that he does not want money damages, but rather "the opportunity to press serious federal criminal charges on each defendant." Id.

  Sail's action must be dismissed because it is well-established that whether to prosecute and what criminal charges to file or bring are decisions that rest in the prosecutor's discretion. United States v. Batchelder, 442 U.S. 114, 124 (1979). Criminal statutes generally do not provide a private cause of action or

|   |   |
|---|---|
| 1 | basis for civil liability.  See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th |
| 2 | Cir. 1980) (18 U.S.C. §§ 241, 242 provide no private right of action and cannot |
| 3 | form basis for civil suit); Pawelek v. Paramount Studios Corp., 571 F. Supp. |
| 4 | 1082, 1083 (N.D. Ill. 1983) (no private cause of action inherent in federal |
| 5 | criminal statutes defining civil rights violations). |

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: Nov. 30, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Sail, M1.dismissal.wpd

2